IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALFONZO SALLEY,                          )
                                         )
              Plaintiff,                 )
                                         )
       v                                 )         Civil Action No. 08-132
                                         )         Magistrate Judge Amy Reynolds Hay
EDWARD RENDELL, et al, and JEFFREY )
A. BEARD, et al.                         )
                                         )
              Defendants                 )

**MEMORANDUM OPINION AND ORDER**[1]

HAY, Magistrate Judge

       Alfonso Salley ("Plaintiff"), is currently incarcerated at SCI-Mahanoy and has been there

since October 3, 2006.  The Court takes judicial notice of the fact that SCI-Mahanoy is located at

301 Morea Road, Frackville, PA 17932[2] and of the fact that Frackville Pennsylvania is located in

Schuylkill County.[3]  The court takes further judicial notice of the fact that Schuylkill County is

located within the United States Judicial District for the  Middle District of Pennsylvania. 28

U.S.C. § 118.

       Plaintiff  has sought and been granted leave to proceed in forma pauperis (IFP) in order to

file this civil rights complaint.  He has filed a civil rights complaint naming 2 defendants by

name in the caption but adding "et al.", after each, and naming a whole host of individuals in the

body of the complaint.  The complaint also recounts many separate and distinct incidents that

---

[1]  In accordance with the provisions of 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the Plaintiff
consented to have a United States magistrate judge conduct all proceedings in this case, including the
entry of final judgment.  Dkt. [4].

[2]  See  http://www.cor.state.pa.us/mahanoy/site/default.asp

[3]  See  http://www.co.schuylkill.pa.us/info/Towns/Info.csp#Here

allegedly occurred over the course of roughly 10 years from 1997 to 2007 and allegedly took place in nine different prisons. Plaintiff has consented to have the Magistrate Judge exercise plenary jurisdiction. Dkt. [4].

The present complaint is duplicative of a complaint Plaintiff had filed in Salley v. Beard, No. 06-538 (W.D. Pa. executed April 15, 2006 and formally docketed on 12/14/2006) (hereinafter "the prior suit"). The Court dismissed the prior suit because the complaint had "nam[ed] 61 defendants, complaining of many separate and distinct incidents that allegedly occurred over the course of roughly nine years from 1997 to 2006 and allegedly took place in four or five different prisons," id., (Dkt. 4, at 1)(footnote omitted), and such violated the joinder rules. The Court had ordered Plaintiff to amend his complaint in order to comply with the federal rules of civil procedure but Plaintiff failed to do so and hence, the court dismissed the prior suit as a sanction for failure to obey court orders after affording him many opportunities to comply. Id., (Dkt. 20). Plaintiff took an appeal and the Third Circuit Court of Appeals affirmed. Id., (Dkt. 30).

The current complaint Plaintiff has filed is duplicative of the one dismissed in the prior suit. In the current complaint Plaintiff complains of many of the same separate and distinct incidents that allegedly occurred over the course of roughly ten years from 1997 to 2007 and which took place in nine prisons. In the current complaint, in contrast to the prior suit, it appears that Plaintiff listed only two defendants in the caption, namely Governor Rendell and Secretary Beard, although as noted above, Plaintiff put "et al." after both Governor Rendell and Secretary Beard.

The current complaint alleges violations of Plaintiff's First, Fourth, Fifth, Eighth and

Fourteenth Amendment rights.  Dkt. [3] at 2, ¶ III.  Although the complaint does not specifically

invoke 42 U.S.C. § 1983, a liberal reading of the complaint requires us to infer that Plaintiff is

suing the Defendants under Section 1983.  Accordingly, the court construes the complaint to be

bringing a claim arising under the Civil Rights Act of 1871, codified at 42 U.S.C. § 1983

(Section 1983).  Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir.

2001)("a litigant complaining of a violation of a constitutional right does not have a direct cause

of action under the United States Constitution but must utilize 42 U.S.C. § 1983."); Pauk v.

Board of Trustees of City University of New York, 654 F.2d 856 (2d Cir 1981)(where a federal

statute governing civil action for deprivation of rights provides a remedy, i.e., 42 U.S.C. § 1983,

an implied cause of action grounded on Constitution is not available), overruling on other

grounds as recognized in, Brandman v. North Shore Guidance Center, 636 F.Supp. 877, 879

(E.D.N.Y. 1986).

### *Applicable Legal Principles*

In the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321

(1996), Congress adopted major changes affecting civil rights actions brought by prisoners in an

effort to curb the increasing number of frivolous and harassing law suits brought by persons in

custody.  See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).   The PLRA in relevant

part added Section 1915A, entitled "Screening," to Title 28 U.S.C. to provide that "[t]he court

shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing,

a complaint in a civil action in which a prisoner seeks redress from a governmental entity or

officer or employee of a governmental entity. (b) Grounds for dismissal– On review, the court

shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the

complaint– (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Here, Plaintiff is a prisoner within the meaning of Section 1915A.[4] The Defendants are employees of a governmental entity from whom Plaintiff seeks redress. Thus, Section 1915A Screening is applicable herein. Moreover, under Section 1915A, not only is a court permitted to sua sponte dismiss a complaint which fails to state a claim but is required to do so. Nieves v. Dragovich, No. CIV.A.96-6525, 1997 WL 698490, at *8 (E.D. Pa. Nov. 3, 1997)("Under provisions of the Prison Litigation Reform Act codified at 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. S 1997e(c), the district courts are required, either on the motion of a party or sua sponte, to dismiss any claims made by an inmate that are frivolous or fail to state a claim upon which relief could be granted."), aff'd, 175 F.3d 1011 (3d Cir. 1999)(Table).

In addition, the PLRA significantly amended the statutory provisions with respect to actions brought by prisoners who are proceeding in forma pauperis. The amended version of the statute now reads that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2). Here, Plaintiff has been granted IFP status, Dkt. [2], and is a prisoner within the meaning of 28

_____

[4] Section 1915A(c) defines the term "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

U.S.C. §1915.[5]  Thus, Section 1915(e)(2) is also applicable herein.  Moreover, not only is a court

permitted to sua sponte dismiss a complaint which fails to state a claim, but it is required to do so

by the mandatory language of "the court shall dismiss" utilized by Section 1915(e).  See, e.g.,

Keener v. Pennsylvania Board of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997)

(describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal

of in forma pauperis actions that are frivolous or fail to state a claim."); Lopez v. Smith, 203 F.3d

1122, 1126-27 (9th Cir. 2000); Nieves v. Dragovich, 1997 WL 698490 at *8.

In addition, the PLRA amended the Civil Rights of Institutionalized Persons Act,  42

U.S.C. § 1997e, to provide that "[t]he court shall on its own motion or on the motion of a party

dismiss any action brought with respect to prison conditions under section 1983 of this title, or

any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if

the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief

can be granted, or seeks monetary relief from a defendant who is immune from such relief."  42

U.S.C. § 1997e(c)(1).   The same definition of prisoner is applicable to Section 1997e as is to

Sections 1915(e) and 1915A.[6]

The statutory phrase "action brought with respect to prison conditions" is very broad and

 includes any condition found in a prison or jail.  See, e.g., Porter v. Nussle,  534 U.S. 516

(2000);  Nyhuis v. Reno, 204 F.3d 65 (3d Cir. 2000);  Booth v. Churner, 206 F.3d 289, 294-295

---

[5] The term prisoner as used in Section 1915 means "any person incarcerated or detained in any
facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of
criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."
28 U.S.C. § 1915(h)

[6] 42 U.S.C. § 1997e(h) provides that "[a]s used in this section, the term 'prisoner' means any
person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or
adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation,
pretrial release, or diversionary program."

(3d Cir. 2000), aff'd, 532 U.S. 731 (2001). Given the broad definition of "action with respect to

prison conditions," Plaintiff's complaint comes within that statutory definition.

In addition, Courts are required under Section 1997e to dismiss an action sua sponte if the

complaint fails to state a claim upon which relief can be granted. Nieves v. Dragovich, 1997 WL

698490, at *8. Because Plaintiff is a "prisoner" and the instant suit is "an action brought with

respect to prison conditions," 42 U.S.C. §1997e applies herein.[7] Thus, if Plaintiff's action fails

to state a claim upon which relief can be granted the court is required to dismiss the action.

In performing a court's mandated function of sua sponte reviewing complaints under

28 U.S.C. §§ 1915A & 1915(e), and 42 U.S.C. 1997(e), to determine if they fail to state a claim

upon which relief can be granted, a federal district court applies the same standard applied to

motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Anyanwutaku v.

Moore, 151 F.3d 1053 (D.C. Cir. 1998); Mitchell v. Farcass, 112 F.3d 1483, 1484 (11th Cir.

1997); Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997)(applying Rule 12(b)(6)

standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)); Neal v. Pennsylvania Board of

Probation and Parole, No. CIV. A. 96-7923, 1997 WL 338838 at *1 (E.D. Pa. June 19, 1997)

("The Court adopts the familiar standard for Rule 12(b)(6) of the Federal Rules of Civil

Procedure in determining whether the complaint fails to state a claim upon which relief may be

granted under 28 U.S.C. § 1915A(b)(1)."); Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D.

Va.) ("Under 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. S 1997e(c) the courts are directed to

---

[7] The Ninth Circuit has summarized the applicable scope of the three preceding sections of the PLRA as follows: "section 1915(e) applies to all in forma pauperis complaints, section 1915A applies only to actions in which a prisoner seeks redress from a governmental entity or employee. Section 1997e(c) applies to prisoner complaints specifically challenging prison conditions." Lopez v. Smith, 203 F.3d 1122, 1126 n7 (9th Cir. 2000).

dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'.   This is the familiar standard for a motion to dismiss under  Fed.R.Civ.P. 12(b)(6)."), aff'd, 116 F.3d 473 (Table) (4th Cir. 1997).

In reviewing complaints as mandated by 28 U.S.C. §§ 1915A & 1915(e), and by 42 U.S.C. §1997e, and, consequently, utilizing the standards for a 12(b)(6) motion to dismiss, the complaint must be read in the light most favorable to the Plaintiff and all well-pleaded, material allegations of fact in the complaint must be taken as true.  See  Estelle v. Gamble, 429 U.S. 97 (1976).  However, the court need not accept as true any legal averments or conclusions contained in the complaint.  Papasan v. Allain, 478 U.S. 265, 286 (1986)("Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation."); Labovitz v. Washington Times Corp., 172 F.3d 897, 898 (D.C. Cir. 1999)(the court "need not accept purely legal conclusions masquerading as factual allegations.") (some internal quotations omitted). Neither does the court have to accept as true anything in the complaint which contradicts facts of which the court may take judicial notice.  See, e.g., Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001)(In ruling on a motion to dismiss, "[t]he court need not, however, accept as true allegations that contradict matters properly subject to judicial notice. . . .").

Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney.  Haines v. Kerner, 404 U.S. 519 (1972). Nevertheless, dismissal is proper under Rule 12(b)(6) and hence, under 28 U.S.C. §§ 1915A & 1915(e), and 42 U.S.C. §1997e, where the court determines that the facts alleged, which are not contradicted by

facts of which judicial notice may be had, taken as true and viewed in a light most favorable to

the plaintiff, fail to state a claim as a matter of law. See, e.g., Gould Electronics, Inc. v. U.S., 220

F.3d 169, 178 (3d Cir. 2000). The question to be resolved is: whether, taking the factual

allegations and all reasonable inferences to be drawn therefrom, are the "factual allegations . . .

enough to raise a right to relief above the speculative level, on the assumption that all the

allegations in the complaint are true even if doubtful in fact[.]" Bell Atlantic Corp. v. Twombly,

127 S.Ct. 1955, 1964-1965 (2007). Or put another way, a complaint may be dismissed pursuant

to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not

plead "enough facts to state a claim to relief that is plausible on its face." Id. at 1974.

### *Discussion*

1. Repetitious litigation is malicious

The rule is that "[r]epetitious litigation of virtually identical causes of action may be

dismissed under § 1915 as frivolous or malicious." McWilliams v. Colorado, 121 F.3d 573, 574

(10th Cir. 1997)(quotation marks and alteration omitted). Here, the instant suit is clearly

repetitious of the prior suit, i.e., the instant suit and the prior suit are virtually identical causes of

action, complaining of the roughly the same time period and many of the same prison conditions

as were complained of in the prior suit. The main difference is in the current complaint, Plaintiff

listed only two named defendants in the caption of the case but named many of the same people

in the body of the current complaint as he had named in the prior suit. Hence, because the

present suit is repetitious of the prior suit, the current suit is properly dismissed as malicious

pursuant to the screening provisions of the PLRA.

2. Section 1983 suits do not permit Respondeat Superior liability

In order to establish a Section 1983 cause of action, a plaintiff must sufficiently allege: (1) that there was a person acting under color of state law; (2) whose actions under color of state law caused him to be deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988). In addition, a plaintiff must sufficiently allege that the named defendants' were personally involved in the purported violations of his federal rights because liability under the civil rights statute cannot be predicated solely on the theory of respondeat superior, i.e., a person will be not held liable solely because he is the supervisor of another that engaged in unconstitutional activity. See, e.g., McClelland v. Facteau, 610 F.2d 693, 695 (10th Cir. 1979) ("Respondeat superior is a doctrine of vicarious liability based upon public policy [and] the notion that the person who benefits by the acts of the servant must pay for wrongs committed by the servant; the one held liable as master need not be at fault in any way."); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior.").

The Court finds that the complaint merely attempts to allege liability against Governor Rendell upon a theory of respondeat superior, which is not a permissible basis for Section 1983 liability. Hence, in the alternative to the above rationale of duplicative suits, the complaint is properly dismissed against Governor Rendell because it seeks to hold him liable merely based upon respondeat superior and as such fails to state a claim under Section 1983.

3. Res Judicata bars this suit against Defendant Beard for the most part

In the alternative, Plaintiff is barred from bringing this case against Defendant Beard by

res judicata or claim preclusion.[8]  The doctrine of res judicata provides that a final judgment rendered by a court of competent jurisdiction, on the merits, is conclusive as to the rights of the parties and their privies, and as to them constitutes an absolute bar to a subsequent action involving the same cause of action.  In re Weisbrod & Hess Corp., 129 F.2d 114 (3d Cir. 1942).  As explained by the Court of Appeals, the federal law[9] of res judicata or claim preclusion involves a three pronged test, and bars a second suit where "there has been (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action."  Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991).  The "purpose of [the res judicata] doctrine is to relieve the parties of the cost and vexation of multiple lawsuits, conserve judicial resources, prevent inconsistent decisions, and encourage reliance on adjudications."  Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 551 (3d Cir. 2006).  In light of the purposes which res judicata serves, the doctrine not only

---

[8]  See, e.g., Baker v. Potter, 175 Fed.Appx. 759, 761 (7th Cir. 2006)("Baker's claim for breach of the settlement agreement is barred by claim preclusion, also called res judicata").

[9]  The federal common law doctrine of claim preclusion is to be distinguished from the various states' laws of claim preclusion.  Federal courts are sometimes called upon to give preclusive effect to prior state court judgments.  The governing law in such cases is the state law of claim preclusion from the state of the prior state court judgment.  See 28 U.S.C. § 1738 (full faith & credit statute); Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985)("This statute [i.e., Section 1738] directs a federal court to refer to the preclusion law of the State in which judgment was rendered. 'It has long been established that § 1738 does not allow federal courts to employ their own rules of res judicata in determining the effect of state judgments. Rather, it goes beyond the common law and commands a federal court to accept the rules chosen by the State from which the judgment is taken.'"); Hillary v. Trans World Airlines, Inc., 123 F.3d 1041, 1043 (8th Cir. 1997)  ('it is fundamental that the res judicata effect of the first forum's judgment is governed by the first forum's law, not by the law of the second forum.'").  In contrast, federal courts are sometime called upon to give preclusive effect to prior federal court judgments.  The governing law in such cases is the federal common law of claim preclusion.  Ross ex rel. Ross v. Board of Educ. of Tp. High School Dist. 211, 486 F.3d 279, 283 (7th Cir. 2007)("The federal law of claim preclusion applies here because the earlier judgment was rendered by a federal court.").  Because the prior suit was from a federal court, the federal common law of preclusion applies herein.

bars relitigation in a second suit of what was actually litigated in the first suit but res judicata also bars relitigation of what could have been litigated in the first suit. See, e.g., Smith v. Morgan, 75 Fed.Appx. 505, 506 (6ᵗʰ Cir. 2003) ("Under claim preclusion, a final judgment on the merits bars any and all claims by the parties or their privies based on the same cause of action, as to every matter actually litigated as well as every theory of recovery that could have been presented."); L-Tec Electronics Corp. v. Cougar Elec. Org., Inc., 198 F.3d 85, 87-88 (2d Cir. 1999) (*per curiam*) ("The doctrine of res judicata, or claim preclusion, prevents a plaintiff from relitigating claims that were or could have been raised in a prior action against the same defendant where that action has reached a final judgment on the merits.").

We will first address the second prong of "same parties or their privies." It is undeniable that Plaintiff named Defendant Jeffrey Beard in the prior suit and he names Jeffrey Beard in the current suit. Hence, the second prong is met.

The first prong of "final judgment on the merits" is also met. In the prior suit, the report and recommendation recommended that the complaint be dismissed as a sanction for failure to obey court orders requiring Plaintiff to amend the complaint so as to no longer violate the joinder rule. Salley v. Beard, No. 06-538 (W.D. Pa. Dkt. 4 at 2) ("It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the Court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the Court must consider six factors.")(citing Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984)).[10] After providing Plaintiff

---

[10] Although the report also spoke in terms of "failure to prosecute" it is clear that the report recommended dismissal of the complaint as a sanction for Plaintiff's failure to obey court orders to amend his complaint in order to comply with the joinder rules.

further opportunity to file a complaint that complied with the joinder rules, and warning him of

the consequences should he fail to do so by a date certain, the District Court dismissed the

complaint due to Plaintiff's repeated failures to comply with the court orders.  Id., (Dkt. 20 at 5

to 6) ("Magistrate Judge Hay informed Plaintiff way back in May 2006 that his complaint

violated Rule 20 and gave him until June 25, 2006 to file an amended complaint.  This court then

gave Plaintiff notice in November 2006 that he had until December 22, 2006 to rectify this

violation of Fed.R.Civ.P. 20.  Plaintiff has persistently and intentionally failed to do so,

apparently contending that his complaint does not violate rule 20.  Accordingly, this court enters

the following order.  And now this 9th day of March 2007, the Court orders that the complaint be

DISMISSED for failure to obey court orders. . . .").

A dismissal granted as a sanction for failure to obey court orders constitutes a "final

judgment on the merits" for the purposes of the federal law of res judicata.  See, e.g.,Costello v.

U. S., 365 U.S. 265 (1961); Kile v. Placer County Bd. of Sup'rs,217 F.3d 845 (Table), 2000 WL

554422, at *1 (9th Cir. 2000)("The earlier action was dismissed as a discovery sanction, and such

dismissal is a termination on the merits.").  As the High Court explained in Costello:

> All of the dismissals enumerated in Rule 41(b)[11] which operate as adjudications
> on the merits-failure of the plaintiff to prosecute, or to comply with the Rules of
> Civil Procedure, **or to comply with an order of the Court**, or to present
> evidence showing a right to the relief on the facts and the law-primarily involve
> situations in which the defendant must incur the inconvenience of preparing to
> meet the merits because there is no initial bar to the Court's reaching them. It is

---

[11] Fed.R.Civ.P. 41(b) currently provides that:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a
> defendant may move to dismiss the action or any claim against it. Unless the dismissal
> order states otherwise, a dismissal under this subdivision (b) and any dismissal not under
> this rule--except one for lack of jurisdiction, improper venue, or failure to join a party
> under Rule 19--operates as an adjudication on the merits.

therefore logical that **a dismissal on one of these grounds should, unless the Court otherwise specifies, bar a subsequent action**. In defining the situations where dismissals 'not provided for in this rule' also operate as adjudications on the merits, and are not to be deemed jurisdictional, it seems reasonable to confine them to those situations where the policy behind the enumerated grounds is equally applicable. **Thus a sua sponte dismissal by the Court for failure of the plaintiff to comply with an order of the Court should be governed by the same policy.** Although a sua sponte dismissal is not an enumerated ground, here too the defendant has been put to the trouble of preparing his defense because there was no initial bar to the Court's reaching the merits.

Costello, 365 U.S. at 286-87 (emphases added). Accord Grant v. Progressive Ins. Co., __ F.Supp.2d __, 2008 WL 450275, at *4 (D.Conn. Feb. 6, 2008)("the plaintiff repeatedly failed to comply with the court's order that he file a complaint [in the previously dismissed action] that satisfied the Federal Rules of Civil Procedure. Therefore, the court dismissed the plaintiff's first action with prejudice. The plaintiff's second action is filed in the same court against the same defendants based on the same underlying claim. In accordance with Semtek, such an action is barred by the preclusive effect of the court's adjudication in the first action."). Because the prior suit was dismissed as a sanction for Plaintiff's failure to obey court orders, the second prong of res judicata is met herein.

Lastly, taking up the third prong, the court finds this prong is met as well herein. The Court of Appeals has well explained this prong in the following terms:

In Athlone, we noted that the term "'cause of action' cannot be precisely defined, nor can a simple test be cited for use in determining what constitutes a cause of action for res judicata purposes." Id. (quoting Donegal Steel Foundry Co. v. Accurate Prods. Co., 516 F.2d 583, 588 n. 10 (3d Cir. 1975)). Rather, we look toward the "essential similarity of the underlying events giving rise to the various legal claims." Davis v. United States Steel Supply, 688 F.2d 166, 171 (3d Cir. 1982) (in banc), cert. denied, 460 U.S. 1014 . . . This principle is "in keeping with '[t]he present trend . . . in the direction of requiring that a plaintiff present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence.'" [U.S. v. Athlone [Industries, Inc.], 746 F.2d [977] at 984 [3d Cir.

1984] (quoting 1B J. Moore & J. Wicker, Moore's Federal Practice ¶ 0.410[1], at 359 (2d ed. 1983)).

In conducting this inquiry, we focus upon "whether the acts complained of were the same, whether the material facts alleged in each suit were the same, and whether the witnesses and documentation required to prove such allegations were the same." Athlone, 746 F.2d at 984. A mere difference in the theory of recovery is not dispositive. Id. Thus, the fact that Lubrizol relies on a new theory of "reformation" will not prevent preclusion. In both suits the acts complained of, the material facts alleged, and the witnesses and documentation required to prove the allegations are all the same.

Lubrizol Corp. v. Exxon Corp., 929 F.2d at 963.

Likewise here, the acts and omissions complained of against Defendant Beard in the prior case, and the acts and omissions complained of in the instant action are substantially the same, as are the material facts alleged. There are two noteworthy differences between the prior suit and the current suit. The first difference is that in the prior suit, Plaintiff only invoked the First, Eighth and Fourteenth Amendments. In contrast, the current complaint invokes the First, Fourth, Fifth, Eighth and Fourteenth Amendments. Adding such additional legal theories and claims may not, however, overcome res judicata nor be permitted to eviscerate the policy purposes that res judicata serves, especially conservation of scarce judicial resources because the factual bases for the two suits are substantially the same. See, e.g., Berlitz Sch. of Languages of Am., Inc. v. Everest House, 619 F.2d 211, 215 (2d Cir. 1980)("Whatever legal theory is advanced, when the factual predicate upon which claims are based are substantially identical, the claims are deemed to be duplicative for purposes of res judicata."); Harborside Refrigerated Services, Inc. v. Vogel, 959 F.2d 368, 372 (2d Cir. 1992)("Res judicata thus not only bars parties from relitigating the same cause of action, but also 'prevents litigation of a matter that could have been raised and decided in a previous suit, whether or not it was raised.'")(quoting Murphy v. Gallagher, 761 F.2d 878, 879 (2d Cir. 1985)); McClain v. Apodaca, 793 F.2d 1031, 1034 (9th Cir. 1986)(a

14

plaintiff "cannot avoid the bar of res judicata merely by alleging conduct by the defendant not alleged in the prior action or by pleading a new legal theory."). Hence, this difference in invocation of Constitutional Amendments does not render res judicata inapplicable.

The second difference is that of the time line. In the present suit, Plaintiff complains of events that not only occurred from January 1, 1998 (as he had in the prior suit) but also of events that occurred from August 2006 (Dkt. [3] at 5, ¶ 5) until September 3, 2007 (Dkt. [3] at 6, ¶8). In the prior suit, Plaintiff signed the complaint on April 15, 2006. However, that prior suit was not dismissed until March 11, 2007. Plaintiff could have and, indeed was ordered, to have amended his complaint. Hence, he could have brought any claims against Defendant Beard in that prior suit, including claims that had arisen prior to March 11, 2007 by filing an amended complaint and/or a supplemental complaint. Because res judicata bars claims that either were actually brought in the prior suit or could have been brought, res judicata bars any claims against Defendant Beard that arose prior to March 11, 2007 given that Plaintiff could have amended his complaint to include those claims. Post v. Hartford Ins. Co., 501 F.3d 154, 169 (3d Cir. 2007)("Moreover, res judicata bars not only claims that were brought in the previous action, but also claims that could have been brought."). See also Stone v. Department of Aviation, 453 F.3d 1271, 1278-79 (10th Cir. 2006)(res judicata "requires a plaintiff to join all claims together that the plaintiff has against the defendant whenever during the course of the litigation related claims mature and are able to be maintained. Thus, even if an additional claim does not mature until well after the initial complaint has been filed, the plaintiff nevertheless must seek to amend the complaint to add additional claims as a compulsory claim when the additional claim can be brought"); Havercombe v. Department of Educ. of Com. of P.R., 250 F.3d 1, 8 (1st Cir. 2006)

15

("Given the similarity of the alleged discrimination during 1997-1999 with that allegedly occurring in the early 1990s (at least as the conduct is described in the two complaints), and given that the general rule in the federal courts is to liberally permit amendments where justice so requires, his failure to so amend has foreclosed him from bringing them at all. See Boateng [v. InterAmerican University, Inc.], 210 F.3d [56] at 62 (1st Cir. 2000)(agreeing with other circuits that have held that Title VII claims are precluded by a prior adjudication even though a right-to-sue letter had not been obtained until after final judgment had entered in first action and concluding that 'there is no principled basis for reaching a different result where, as here, the plaintiff obtained permission to sue from the EEOC while his first suit was still pending')."); Benjamin v. Tomasso, No. CIV. A. 98-2659, 1998 WL 813422, at *2 (E.D.Pa. Nov. 24, 1998)("to the extent that some of the additional acts alleged occurred prior to the dismissal of the first action in November 1996, (Amended Compl. ¶¶ 17-19), such new claims could have been brought in the initial action and now are subject to the claim preclusion bar").

Accordingly all three prongs for res judicata having been met, the complaint should be dismissed as against Defendant Beard.

In like manner, the same reasoning holds true of Governor Rendell because he is in privity with Secretary Beard and the other parties of the prior suit and res judicata bars relitigation of suits not only against parties in the prior suit but also against persons who are in privity with parties in the prior suit. See Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 402-03 (1940) ("There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is res judicata in relitigation of the same issue between that party and another officer of the government."); Bruszewski v. U.S.,

181 F.2d 419, 422 (3d Cir. 1950)("where, as in this case, res judicata is invoked against a plaintiff who has twice asserted essentially the same claim against different defendants, courts have, as indicated in the cases above cited, enlarged the area of res judicata beyond any definable categories of privity between the defendants. Certainly the cases already cited show that the moving party has been bound by prior adjudication against him in situations where the relation between successive defendants was no closer or more significant than that between the United States and Isthmian Steamship Company here. We are in accord with this development of the law away from formalism which impedes the achievement of fair and desirable results.") (footnotes omitted); Creely v. Genesis Health Ventures, Inc., 184 Fed.Appx. 197, 201 (3d Cir. 2006)("The defendant invoking claim preclusion must demonstrate only that a 'close or significant relationship' exists with the previous defendant.")(citing Gambocz v. Yelencsics, 468 F.2d 837, 841 (3d Cir. 1972)). The court concludes that a close or significant relationship exists between Secretary Beard and Governor Rendell such that privity exists between them. Hence, res judicata bars this suit against Governor Rendell as well as to any claims which arose prior to March 11, 2007.

Because all three prongs of res judicata are met with respect to both Rendell and Beard, Plaintiff's current suit is barred by the doctrine of res judicata and, as such, the complaint fails to state a claim upon which relief can be granted and must be dismissed for failure to state a claim pursuant to the screening provisions of the PLRA. See In re Desrosiers, 212 B.R. 716, 718-719 n.1 (Bkrtcy. D.Mass. 1997) ("Transamerica based its Motion to Dismiss the Adversary Proceeding on Federal Rule of Civil Procedure 12(b)(1).... Rule 12(b)(1) relates to the lack of subject matter jurisdiction. However, as detailed below, Transamerica argues only that the causes

of action raised in this adversary proceeding are barred by the doctrine of res judicata. Thus, the applicable ground for dismissal is the Complaint's failure to state a claim upon which relief can be granted.").

      4. Claims accruing after March 11, 2007 are not proper in this venue

To the extent that the current suit complains of events occurring after March 11, 2007, the suit should be dismissed for improper venue. While it is true that the current complaint appears to mention and possibly complain of events that occurred as recently as September 13, 2007, (Dkt. [3] at 6, ¶8), and while it is also true that any events occurring after March 11, 2007 would not be barred by the doctrine of res judicata because Plaintiff could not have brought any such claims in the prior suit, Plaintiff himself establishes that venue is not proper in the Western District as to any such claims arising after March 11, 2007, because after March 11, 2007 (and indeed even before March 11, 2007), Plaintiff was no longer incarcerated within this judicial district.

Plaintiff notes that he was transferred to SCI-Smithfield on September 13, 2006 from SCI-Forest. Dkt. [3] at 5, ¶ 6. The Court takes judicial notice of the fact that SCI-Smithfield is located at 1120 Pike Street, P.O. Box 999, in Huntingdon, Pennsylvania, which is in Huntingdon County.[12] Huntingdon County is located within the Middle District of Pennsylvania. 28 U.S.C. § 118(b). In addition, Plaintiff establishes that on October 31, 2006, Plaintiff was transferred from SCI-Smithfield to SCI-Mahanoy. Dkt. [3] at 6, ¶ 7. As noted above, SCI-Mahanoy is also located in the Middle District. Accordingly, any actions or omissions committed by Beard and/or

---

[12] The Court takes judicial notice of the DOC site:

http://www.cor.state.pa.us/smithfield/site/default.asp

Rendell since September 13, 2006 must necessarily concern conditions at these two prisons which are not located within the Western District and hence, venue is not proper in the Western District. Because res judicata bars any actions or omissions on the part of Beard and/or Rendell taken on or before March 11, 2007 (i.e., the date that the prior suit was dismissed) and because the only potentially viable claims after March 11, 2007 against Defendants Beard and/or Rendell must necessarily have arisen in connection with the conditions at prisons which are not located within this District, venue is not proper as to those claims and the complaint should be dismissed as to those claims for improper venue. See e.g., 28 U.S.C. § 1406 (statute giving court discretion to transfer or dismiss case for improper venue). In exercising this discretion, the court finds that it is more appropriate to dismiss rather than transfer this case. Plaintiff is free to file a complaint in the Middle District alleging any wrongs he desires against any defendants in the present suit and or their privies complaining of actions taken after March 11, 2007.

Accordingly, in view of the foregoing, the following order is entered:

AND NOW this 14th day of April, 2008, the complaint is dismissed with prejudice pursuant to the PLRA as being duplicative and therefore malicious. Alternatively, the complaint is dismissed with prejudice for failure to state a claim as to any wrongdoing occurring before March 11, 2007 based upon res judicata. Alternatively, the complaint is dismissed with prejudice against Defendant Rendell for failure to state a claim upon which relief can be granted because the complaint bases liability solely upon respondeat superior.

Lastly, to the extent that Plaintiff complains of any actions taken against him after March 11, 2007, by which date he had already been transferred out of this Judicial District, the complaint is dismissed, albeit without prejudice, due to improper venue.

The Court concludes that amendment of the complaint would be futile.

/s/ *Amy Reynolds Hay*
United States Magistrate Judge


cc:     Alfonzo Salley
        CC-6796
        SCI Mahanoy
        301 Morea Rd.
        Frackville, PA 17932